CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 21 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CURTIS NEIL TALBOTT | ) |
| | ) |
| Petitioner, | ) Civil Action No. 7:06-cv-00510 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| GENE M. JOHNSON, Director of | ) By: Samuel G. Wilson |
| Virginia Department of Corrections, | ) United States District Judge |
| | ) |
| Respondent. | ) |

Petitioner Curtis Neil Talbott brings this 28 U.S.C. § 2254 petition challenging two separate convictions in the Circuit Court of the City of Lynchburg – the first for credit card fraud and the second for the revocation of suspended sentences. First, Talbott claims his counsel rendered ineffective assistance at sentencing on the credit offenses when counsel told the court that Talbott suffered from bipolar disorder.[1] Second, Talbott alleges that he was denied his Sixth Amendment right to counsel and denied due process because he claims the attorney that represented him at his revocation hearing was not licensed to practice law.[2] This matter is before the court on the respondent's motion to dismiss. The court finds that the Supreme Court of Virginia has already adjudicated his ineffective assistance claim regarding his credit card

---

[1] Although Talbott's styles his first claim as one that encompasses both an ineffective assistance of counsel and a due process claim, a review of Talbott's habeas petition and supporting documents shows that his claim most naturally encompasses an ineffective assistance claim. Regardless of how the claim is viewed, however, the legal standard is the same: Talbott must first prove ineffective assistance.

[2] The court construes Talbott's "right to counsel" claim as having two parts: first, that Talbott was denied counsel altogether because Ashwell did not qualify as a "counsel" in Sixth Amendment terms, and second, that Talbott was denied effective assistance because his attorney's performance was deficient due to the fact that he had not taken the required oath.

convictions in a manner consistent with clearly established federal law. The same is also true regarding the Supreme Court of Virginia's adjudication of his right to counsel claims with respect to the revocation of his suspended sentences. Moreover, Talbott has procedurally defaulted his due process challenge to that revocation. Accordingly, the court grants the respondent's motion to dismiss.

## I.

Talbott pled guilty in the Circuit Court of the City of Lynchburg on December 28, 2004, to two counts of credit card fraud. After hearing evidence on March 11, 2005, including testimony from Talbott and his sister that he suffered from bipolar disorder and that the condition ran in their family, the court sentenced Talbott to a total of four years in prison, with two years suspended. Talbott did not appeal.

Based on his credit card fraud convictions, the Circuit Court of the City of Lynchburg found on April 4, 2005, that Talbott had violated the terms of suspended sentences the court had imposed on August 18, 2000, for statutory burglary and grand larceny. The court revoked the suspended sentences, and Talbott did not appeal.

Talbott filed a single habeas petition with the Supreme Court of Virginia, combining his complaints about his two separate convictions. Talbott's first claim challenged his credit card fraud convictions. He asserted that he was denied due process and the effective assistance of counsel when at sentencing his attorney, Andrew W. Childress of the Office of the Public Defender for the City of Lynchburg, "told the court that [Talbott] suffered from a bipolar mental disorder." Talbott contended that he was not bipolar and that he looked "bad before the court" when the prosecutor challenged the representation that he was as untrue. Talbott claimed that the

2

court would have given him a lighter sentence if not for his attorney's misrepresentation.

Talbott's second claim challenged the revocation of his suspended sentence. He contended that he was denied due process and his Sixth Amendment right to counsel because his court-appointed lawyer, public defender, Danny Ashwell, Jr., was "not authorize[d] to practice law in Virginia at the time." Although Ashwell had passed the Virginia bar examination and had a law license, he was not authorized to appear in court because he had not been sworn in, pursuant to Va. Code Ann. § 54.1-3903.[3] Talbott learned of Ashwell's non-compliance with the oath requirement from a letter sent to him by the Office of the Public Defender for the City of Lynchburg in April of 2005. The letter also informed Talbott that he might be entitled to habeas relief.

The Supreme Court of Virginia dismissed Talbott's challenge to his credit card fraud convictions because he satisfied neither the "performance" nor the "prejudice" prong of Strickland v. Washington, 466 U.S. 668, 687 (1984). It dismissed his Sixth Amendment challenges to his probation revocation because the Constitution does not guarantee counsel at a probation revocation hearing, and it found that he had procedurally defaulted his due process challenge to that revocation. Talbott then filed the present federal habeas petition raising the same claims he raised in his state habeas petition.

## II.

This court may not grant relief on any claim that the Supreme Court of Virginia has

---

[3] Va. Code Ann. § 54.1-3903 states: "Before an attorney may practice in any court in the Commonwealth, he shall take the oath of fidelity to the Commonwealth, stating that he will honestly demean himself in the practice of law and execute his office of attorney-at-law to the best of his ability."

3

adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). The court finds that the Supreme Court of Virginia's adjudication of Talbott's ineffective assistance challenge to his credit card fraud convictions was not contrary to clearly established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of the facts. Accordingly, the court denies habeas relief on those convictions.

In adjudicating the claim, the Supreme Court of Virginia cited the correct applicable Supreme Court precedent, Strickland v. Washington, 466 U.S. 668 (1984), and did not unreasonably apply it. Applying Strickland, the Supreme Court of Virginia found that Talbott's attorney's performance, in eliciting evidence that Talbott was bipolar, was not deficient and did not prejudice Talbott. In light of trial counsel's affidavit filed in the state court proceedings, which states that Talbott told him that he "suffered from bipolar disorder and intensive addiction issues," and in light of the record, which demonstrates that both Talbott and his sister testified that Talbott was bipolar, the court finds that the Supreme Court of Virginia's application of the law was not unreasonable, and denies the claim.

### III.

The Supreme Court of Virginia also adjudicated Talbott's right to counsel and ineffective assistance claims relating to the revocation of his suspended sentences on the merits when it stated that the claims were "without merit because there is no constitutional right to counsel at a

4

probation revocation hearing" and cited the correct governing law, Gagnon v. Scarpelli, 411 U.S. 778 (1973). The court finds that the decision was not contrary to clearly established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of the facts, and therefore, denies habeas relief for the revocation of the suspended sentences.

An ineffective assistance of counsel claim is tenable only when there is an underlying Sixth Amendment right to counsel. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application [for certiori] timely."). Gagnon v. Scarpelli holds that the Constitution provides no general Sixth Amendment right to counsel in parole or probation revocation proceedings. Id. at 783-90. In adopting a case-by-case approach in determining whether counsel is constitutionally required, the court stated that counsel should generally be afforded in two situations – where the probationer claims that he "has not committed the alleged violation of the conditions upon which he is at liberty," and where the probationer does not contest the underlying violation but claims that, "there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." Id. at 790.

With these precepts in mind, the Supreme Court of Virginia reasonably could have concluded that Talbott was not entitled to counsel at his revocation hearing. Because Talbott had pled guilty to credit card fraud, the Supreme Court of Virginia could have concluded that Talbott could not and did not, in the words of Gagnon, 455 U.S. at 790, contest "the alleged violation of the conditions upon which he [was] at liberty." It also could have concluded, again in the words of Gagnon, that there was nothing "complex or otherwise difficult to develop and present"

justifying or mitigating the violation. Id. It follows that the Supreme Court of Virginia's decision that Talbott was not entitled to counsel in his revocation proceeding was not contrary to clearly established federal law, based on unreasonable application of federal law, or based on unreasonable determination of the facts.

Moreover, the court rejects Talbott's suggestion that his counsel's failure to complete the oath requirement is a per se violation of the right to counsel, see Padgett v. United States, 302 F. Supp. 2d 593, 603 (D. S.C. 2004) ("Cases addressing the issue of non-licensed attorney representation . . . have routinely found that there is no per se standard under the Sixth Amendment for technical flaws in licensure."), or that Talbott actually received ineffective assistance under Strickland simply because his counsel had not taken the oath. The record does not show, nor does Talbott suggest, that his counsel's performance was deficient or prejudicial. Talbott does not point to any specific act or omission by his counsel that was outside the realm of competent assistance. Strickland, 466 U.S. at 690.[4] Furthermore, Talbott has not shown that there is a reasonable probability that the result of the proceeding would have been different if his counsel had taken the oath. See id. at 694.

## IV.

Finally, the Supreme Court of Virginia found under Slayton v. Parrigan, 205 S.E.2d 680

---

[4] Ashwell's performance appears to have been the product of "reasoned professional judgment" and well within the scope of "professionally competent assistance." Strickland, 466 U.S. at 690. Ashwell asked that court to allow Talbott to serve the two and a half years of revoked time concurrently with his new sentences, and the court allowed one year to be served concurrently. Ashwell also asked that Talbott serve some of the time at a residential substance abuse treatment center. The court stated it did not have jurisdiction over the request because Talbott would be committed to the Department of Corrections, but agreed to recommend a "therapeutic community" for Talbott.

Case 7:06-cv-00510-SGW-mfu   Document 15   Filed 12/21/06   Page 6 of 7   Pageid#: 100

(Va. 1974), that Talbott had procedurally defaulted his due process challenge to the revocation of his suspended sentences. Under Slayton, issues that could have been raised at trial or on appeal, but were not, and do not concern jurisdiction or ineffective assistance of counsel, cannot be addressed in a habeas corpus petition. Id. at 682. Because Talbott could have raised his due process claim at trial or on direct appeal but did not, and because Talbott has not shown cause and prejudice to excuse his procedural default, the court dismisses his due process claim. See Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998) ("It is well established that, absent cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default, a federal habeas court may not review a claim when a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.").[5]

## V.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses Talbott's § 2254 petition.

**ENTER**: This 21st day of December, 2006.

UNITED STATES DISTRICT JUDGE

---

[5] It also appears that the Supreme Court of Virginia could have determined that Talbott procedurally defaulted his right to counsel challenge, since he could have raised this claim at trial or on direct appeal but failed to do so. See Lenz v. True, 373 F. Supp. 2d 606, 608 (W.D.Va. 2005) (noting that a right to counsel claim may be raised on direct appeal, but that an ineffective assistance claim may not). However, because the Supreme Court of Virginia did not treat this issue as procedurally defaulted, this court may not do so.